# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY CLEMENTS, El-Clements Heirs Family Trust, DDSTTEE | : | CIVIL ACTION |
| v. | : | |
| DELAWARE COUNTY COURT OF COMMON PLEAS DOMESTIC RELATIONS OFFICE, GEORGE W. HILL CORRECTIONAL FACILITY, DELAWARE COUNTY SHERIFF'S OFFICE and DELAWARE COUNTY COURTHOUSE | : | NO. 19-1232 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                          **April 11, 2019**

*Pro se* Plaintiff Gregory Clements[1] has filed this civil rights action against Delaware County Court of Common Pleas Domestic Relations Office, George W. Hill Correctional Facility, Delaware County Sherriff's [sic] Office and Delaware County Courthouse. The basis for his civil rights claim is not clear on the face of the Complaint and his factual allegations are scant. He asserts that he was incarcerated unlawfully under color of law numerous times, and sheriffs broke into his apartment to serve a warrant, forcing him to assume another identity while his daughter was present.

### Standard of Review

Because it appears that he is not capable of paying the fees to commence this civil action, plaintiff will be granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a

---

[1] In the caption of the Court's standard form complaint, the plaintiff is identified as "El-Clements Heirs Family Trust Gregory Clements DDSTTEE." However, in Section I of the complaint, the name of the plaintiff is recorded as "Gregory Clements" and the complaint is signed with that name.

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because plaintiff is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). The complaint must provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## Discussion

Because Clements asserts "civil rights" as the basis for federal question jurisdiction, we assume he intends to bring a claim under 42 U.S.C. § 1983.[2] "To state a

---

[2] The complaint also cites the Uniform Commercial Code and a state criminal statute that have no application here.

claim under § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Clements has named as defendants the Delaware County Court of Common Pleas Domestic Relations Office, George W. Hill Correctional Facility, Delaware County Sherriff's [sic] Office and Delaware County Courthouse. None of these defendants is subject to suit under § 1983. They are not "persons" subject to suit under § 1983. *See Shallow v. Rogers*, 201 F. App'x 901 (3d Cir. 2006) (Court of Common Pleas is not a "person" subject to suit under 42 U.S.C. § 1983) (citing *Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000)), *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted). Finally, as a matter of law, a sheriff's office is merely a subunit of the county and is not a "person" subject to suit under § 1983. *See Anderson v. Dauphin Cty. Adult Prob. Office*, No. 15-CV-878, 2016 WL 769278, at *4 (M.D. Pa. Jan. 25, 2016), report and recommendation adopted, No. 15-CV-878, 2016 WL 759162 (M.D. Pa. Feb. 26, 2016) (citing *Benard v. Washington County*, 465 F. Supp. 2d 461, 470 (W.D. Pa. 2006). Therefore, we shall dismiss the Complaint.

Although Clements has named entities that are not subject to suit under § 1983, we cannot conclude that his claim is futile. He may be    to identify and name as

defendants whose conduct deprived him of his constitutional rights. Hence, we shall grant him leave to file an amended complaint that complies with the requirements of Rule 8.

If Clements files an amended complaint, he must include a recitation of the facts supporting his claims, that is, who, what, when and where. He cannot rely on legal conclusions and general statements.

**Conclusion**

Because he has not sued any person, we shall dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He will be granted 30 days to file an amended complaint that complies with Rule 8, if he is able to do so. The failure to timely file an amended complaint will result in a dismissal of this case without further notice.[3]

/s/TIMOTHY J. SAVAGE

---

[3] Clements has also filed a "Motion for Protection." (ECF No. 3.) Because the complaint fails to state a claim, the motion will be denied. We note that in the caption of the motion, Clements lists himself and "Patricia Clements." Patricia Clements is not named as a plaintiff in the complaint. As a person proceeding *pro se*, Clements may not represent the interests of any other person in a federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States, *the parties may plead and conduct their own cases personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)). The Third Circuit has instructed that "a nonlawyer appearing *pro se* [is] not entitled to play the role of attorney for other *pro se* parties in federal court." *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991) (holding father not authorized to represent the legal interests of his children in federal court.